/544

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 20·350 |
| v. | ) | |
| | ) | |
| ANTHONY NGUYEN | ) | (16 U.S.C. §§ 3372(a)(1), 3372(a)(2)(A), |
| a/k/a Jackie Lee | ) | 3372(d)(2), 3373(d)(1)(B), |
| a/k/a Jojo Nguyen | ) | 3373(d)(3)(A)(ii); 18 U.S.C. § 2) |
| | ) | |

**INDICTMENT**

The grand jury charges:

**BACKGROUND**

Unless otherwise indicated, at all relevant times:

**FILED**

NOV 13 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

1.     Defendant ANTHONY NGUYEN, a/k/a Jojo Nguyen, a/k/a Cuong Nguyen, was a United States citizen and resident of Pittsburgh, Pennsylvania, in the Western District of Pennsylvania. Defendant ANTHONY NGUYEN was involved in the aquarium trade through the purchase and sale of exotic fish species and associated equipment.

2.     The Lacey Act, Title 16, United States Code, Section 3371 et seq., made it unlawful for a person to knowingly import, export, transport, sell, receive, acquire, or purchase any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of the United States. 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B).

3.     The Lacey Act further prohibited any person from knowingly importing, exporting, transporting, selling, receiving, acquiring, or purchasing in interstate or foreign commerce any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State. 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B).

4.      The Lacey Act also made it unlawful for a person to knowingly make or submit any false record, account, or label for any fish, wildlife, or plant that is, or is intended to be, transported in interstate or foreign commerce. 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii).

5.      Regulations promulgated pursuant to the Endangered Species Act (ESA), Title 16, United States Code, Section 1531 et seq., listed certain species of fish and wildlife as "endangered." 50 C.F.R. Part 17.

6.      The ESA prohibited any person subject to the jurisdiction of the United States from importing into the United States, without a permit to do so, any species of fish or wildlife listed as endangered. 16 U.S.C. § 1538(a)(1)(A).

7.      The ESA further prohibited any person subject to the jurisdiction of the United States from engaging in the unpermitted interstate or international commercial trade in any fish or wildlife listed as endangered.  16 U.S.C. § 1538(a)(1)(E), (F).

8.      The Asian bonytongue fish (*Scleropages formosus*) was listed as endangered under the ESA.  50 C.F.R. § 1711(h) (2017); 41 Fed. Reg. 24,062 (June 14, 1976).  The Asian bonytongue fish was, and is, more commonly known as the "dragon fish" or "Asian arowana," and will hereafter be referred to as Asian arowana.

9.      The Asian arowana was popular amongst hobbyist collectors of exotic fish, who sought to acquire the fish via illicit purchases on the black market.  The price for a single Asian arowana varied, but was widely considered the most valuable species in the aquarium trade, and the price of the fish often exceeded tens of thousands of dollars.

10.     Members of the Channidae family of fish, including all species of the genus Channa, are more commonly known as "snakeheads."  Snakeheads are non-native invasive fish that place native ecosystems and species at risk due to their large size, aggression, rapid rate of

2

reproduction, capability to move across land, and ability to survive out of water for several days.

32 Pa. Bull. 4486.

      11.    Pennsylvania Law prohibits possession of any species of snakehead fish within the

Commonwealth of Pennsylvania.  58 Pa. Code § 71.6(d)(1).

## COUNT ONE

The grand jury further charges:

12.     Paragraphs 1 through 9 of this Indictment are hereby incorporated by reference as if re-alleged herein.

13.     On or about April 19, 2016, in the Western District of Pennsylvania and elsewhere, defendant ANTHONY NGUYEN, through his own actions and the actions of others, did knowingly engage in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase fish, specifically Asian arowana, with a market value in excess of $350, and did knowingly transport, sell, receive, acquire, and purchase the fish, knowing that the fish was possessed, transported, and sold in violation of and in a manner unlawful under United States law and regulations, specifically, the Endangered Species Act, Title 16, United States Code, Section 1538(a)(1).

In violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); and Title 18, United States Code, Section 2.

## COUNT TWO

The grand jury further charges:

14.     Paragraphs 1 through 11 of this Indictment are hereby incorporated by reference as if re-alleged herein.

15.     On or about November 25, 2019, in the Western District of Pennsylvania and elsewhere, defendant ANTHONY NGUYEN, through his own actions and the actions of others, did knowingly engage in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase fish, that is, snakehead fish (*Channa spp.*), with a market value in excess of $350, and did knowingly transport and sell the fish in interstate commerce, knowing the fish was possessed in violation of and in a manner unlawful under the laws and regulations of the Commonwealth of Pennsylvania, specifically 58 Pennsylvania Administrative Code § 71.6(d)(1).

In violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), and Title 18, United States Code, Section 2.

5

## COUNT THREE

The grand jury further charges:

16.     Paragraphs 1 through 11 of this Indictment are hereby incorporated by reference as if re-alleged herein.

17.     On or about November 25, 2019, in the Western District of Pennsylvania and elsewhere, defendant ANTHONY NGUYEN, through his own actions and the actions of others, did knowingly engage in conduct that involved the sale of, the offer of sale, and the intent to sell fish, that is, a snakehead fish (*Channa spp.*), with a market value in excess of $350, and knowingly made and submitted, and caused to be made and submitted, a false record, account, and label for the fish that were, and were intended to be, transported in interstate commerce, in that the defendant provided a false name and address of the shipper on interstate shipping documents.

In violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii); and Title 18, United States Code, Section 2.

A True Bill,

Foreperson

SCOTT W. BRADY
United States Attorney
PA ID No. 88352

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Patrick M. Duggan
Trial Attorney
Environmental Crimes Section

6