IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 20-350 |
| v. | |
| ANTHONY NGUYEN<br>a/k/a Jackie Lee<br>a/k/a Jojo Nguyen | FILED<br>NOV 13 2020<br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Eric G. Olshan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Interstate Trafficking in Illegally Possessed or Transported Fish<br>April 19, 2016 | 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2 |
| 2 | Interstate Trafficking in Illegally Possessed or Transported Fish or Wildlife<br>November 25, 2019 | 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B) and 18 U.S.C. § 2 |
| 3 | False Record for Fish Intended to Be Transported in Interstate Commerce<br>November 25, 2019 | 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 |

## II. ELEMENTS OF THE OFFENSES

A.     As to Count 1:

In order for the crime of Interstate Trafficking in Illegally Possessed or Transported Fish, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant did knowingly transport, sell, receive, acquire, or purchase fish or wildlife, or intended to do so;

2.     That in doing so the defendant knowingly engaged in conduct that involved the sale or purchase of, the offer to sell or purchase, or the intent to sell or purchase fish or wildlife;

3.     That the fish or wildlife had been taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States;

4.     That the defendant knew the fish or wildlife was taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States; and

5.     That the market value of the fish or wildlife was in excess of $350.

16 U.S.C. § 3372(a)(1), 3373(d)(1)(B).

B.     As to Count 2:

In order for the crime of Interstate Trafficking in Illegally Possessed or Transported Fish, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant did knowingly transport, sell, receive, acquire, or purchase fish or wildlife, or intended to do so, in interstate commerce;

2.     That in doing so the defendant knowingly engaged in conduct that involved the sale or purchase of, the offer to sell or purchase, or the intent to sell or purchase fish or wildlife;

3.  That the fish or wildlife had been taken, possessed, transported or sold in violation of or in a manner unlawful under state law or regulation;

4.  That the defendant knew that the fish or wildlife was taken, possessed, transported or sold in violation of, or in a manner unlawful under a state law or regulation; and

5.  That the market value of the fish or wildlife was in excess of $350.

33 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B).

**C.  As to Count 3:**

In order for the crime of False Record for Fish Intended to Be Transported in Interstate Commerce, in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant did knowingly make or submit a false record, account, label or false identification of any fish or wildlife;

2.  That the fish or wildlife had been or was intended to be transported in interstate commerce; and

3.  That the offense involved the sale or purchase of, the offer of sale or purchase of, or the commission of any act with the intent to sell or purchase fish or wildlife; and

4.  That the market value of the fish or wildlife was in excess of $350.

33 U.S.C. § 3372(d)(2), 3373(d)(3)(A)(ii).

### III. PENALTIES

**A.  As to Counts 1 and 2: Interstate Trafficking in Illegally Possessed or Transported Fish (33 U.S.C. §§ 3372(a)(1), (a)(2)(A), 3373(d)(1)(B) and 18 U.S.C. § 2):**

1.  A term of imprisonment of not more than five (5) years (33 U.S.C. § 3373(d)(1)(B));

3

  2. A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

  3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

  4. Any or all of the above.

**B. As to Count 3: False Record for Fish Intended to Be Transported in Interstate Commerce (33 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii) and 18 U.S.C. § 2):**

  1. A term of imprisonment of not more than five (5) years (33 U.S.C. § 3373(d)(3)(A));

  2. A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

  3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

  4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is not applicable in this case.

## VI. **FORFEITURE**

Forfeiture is not applicable in this case.

                                        Respectfully submitted,

                                        SCOTT W. BRADY
                                        United States Attorney

                                        */s/ Eric G. Olshan*
                                        ERIC G. OLSHAN
                                        Assistant United States Attorney
                                        IL ID No. 6290382