IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 20-350 |
| | ) | Judge Nora Barry Fischer |
| ANTHONY NGUYEN, | ) | |
| Defendant. | ) | |

**TENTATIVE FINDINGS AND RULINGS**

On July 20, 2021, Defendant Anthony Nguyen pled guilty to one count of interstate trafficking in illegally possessed or transported fish, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1) and 18 U.S.C. § 2, and one count of interstate trafficking in illegally possessed or transported fish or wildlife, in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii) and 18 U.S.C. § 2, at Counts 1 and 2 of the Indictment at Criminal No. 20-350.

The U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated September 21, 2021. (Docket No. 35). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. Defendant filed his Position With Respect to Sentencing Factors on September 28, 2021, wherein he indicates that he has no objections to the PIR but intends to file a sentencing memorandum prior to the sentencing hearing. (Docket No. 37). The Government likewise filed its Position With Respect to Sentencing Factors on September 28, 2021, indicating that it had no objections or corrections to the PIR. (Docket No. 38). On October 5, 2021, the Probation Office filed its Addendum, wherein it notes the lack of objections by the parties. (Docket No. 40).

    *I.*    *Guidelines Calculations*

As there are no objections to the PIR, the Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines. The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court.[1]  *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009).  The Court tentatively finds the following:

1. Pursuant to Guideline § 3D1.2(a), Counts 1 and 2 are grouped for guidelines purposes because they involve the same victim and the same act or transaction.

2. Pursuant to Guideline § 2Q2.1(a), Defendant's base offense level is six (6) because he was convicted of violating 16 U.S.C. § 3372(a)(1).

3. Pursuant to Guideline § 2Q2.1(b)(1)(A), Defendant's offense level is raised two (2) levels because the offense was committed for pecuniary gain, i.e., Defendant was involved in the commercial purpose of the sale of endangered fish.

4. Pursuant to Guideline § 2Q2.1(b)(3)(B)(iii), Defendant's offense level is raised four (4) additional levels because the offense involved an Asian arowana which is listed as endangered under the Endangered Species Act.

5. Accordingly, Defendant's adjusted offense level is twelve (12).

6. Pursuant to Guideline § 3E1.1(a), Defendant's adjusted offense level is reduced by two (2) levels as he has pled guilty and clearly demonstrated acceptance of responsibility for his offenses.

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2018.  *See* U.S. Sentencing Guideline § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced").

7. Therefore, Defendant's total offense level becomes ten (10).

8. Defendant's criminal history score is one (1), which, pursuant to the Sentencing Table at U.S. Sentencing Guidelines, Chapter 5, Part A, results in a criminal history category of I.

II. *Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B), Defendant is subject to a term of imprisonment of not more than five (5) years, at each of Counts 1 and 2. These offenses are Class D felonies pursuant to 18 U.S.C. § 3559(a)(4).

   *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of ten (10) and a criminal history category of I, the advisory guideline range for imprisonment is six (6) to twelve (12) months, which falls within Zone B of the Sentencing Table. According to Guideline § 5C1.1(c), if the applicable guideline range is in Zone B, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in § 5C1.1(e).

2. *Impact of Parties' Stipulations*: The parties' plea agreement had no impact on the sentencing guidelines computations.

3. *Statutory Provision for Supervised Release*: Pursuant to 18 U.S.C. § 3583(b)(2), Defendant is subject to a term of supervised release of not more than three (3) years at each of Counts 1 and 2. Multiple terms of supervised release must run concurrently pursuant to 18 U.S.C. § 3624(e).

   *Guideline Provision for Supervised Release*: Pursuant to Guideline § 5D1.2(a)(2), Defendant is subject to a term of supervised release of one (1) year to three (3) years at each of Counts 1 and 2. Again, multiple terms of supervised release must run concurrently.

4. *Statutory Provision for Probation*: Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for not less than one (1) year or more than five (5) years' probation at each of Counts 1 and 2 because the offenses are Class D felonies. In addition, pursuant to 18 U.S.C. § 3563(a)(2), because the instant offenses are felonies, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. Pursuant to 18 U.S.C. § 3564(b), multiple terms of probation must run concurrently.

   *Guideline Provision for Probation*: Pursuant to Guideline § 5B1.1(a)(1), Defendant is eligible for not less than one (1) year and up to five (5) years' probation at each of Counts 1 and 2. Pursuant to Guideline § 5B1.1(a)(2), since the applicable guideline range is in Zone B of the Sentencing Table, the Court may impose probation with a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention, as provided

in Guideline §5C1.1(e) (Imposition of Term of Imprisonment).

5. *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b)(1), Defendant is subject to a maximum fine of $250,000.00 at each of Counts 1 and 2.

*Guideline Provision for Fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $4,000.00 to $40,000.00.

6. *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013, Defendant is subject to a mandatory special assessment of $100 at each count, for a total special assessment of $200. The Court notes that the special assessment has yet to be paid.

7. *Restitution*: Restitution is not an issue in this case.

8. *Forfeiture:*   Forfeiture is not an issue in this case.

9. *Denial of Federal Benefits*:   Denial of federal benefits is not an issue in this case.

III. Conclusion

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled for **November 1, 2021 at 2:00 p.m.** Pursuant to the Court's Order (Docket No. 33), any sentencing memoranda shall be filed by **October 18, 2021** and any responses to same shall be filed by **October 22, 2021.**  In light of Chief Judge Hornak's August 31, 2021 order extending the authorization for videoconference to November 30, 2021, Defendant shall file a motion to proceed by videoconference by **October 14, 2021**.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Date:         October 7, 2021

cc/ecf:     All counsel of record
            U.S. Probation Office