IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-350 |
| | ) | |
| ANTHONY NGUYEN | ) | |

**RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

Counsel for Nguyen filed a Memorandum in Aid of Sentencing requesting a sentence of probation with conditions set by the Court. These conditions could include home incarceration or home detention, community service, a fine or any combination of these conditions. For the reasons set forth in the Memorandum in Aid of Sentencing and as set forth below, Counsel submits that such a sentence is sufficient but not greater than necessary to meet the goals of sentencing and thus comports with the tenets of Title 18, U.S.C. §3553(a).

The Government, however, argues for a sentence of at least one month imprisonment to be followed by a period of supervised release. Counsel for Mr. Nguyen submits that such a sentence would be greater than necessary to meet the goals of sentencing and, thus, violative of Title 18, U.S.C. § 3553(a).

Without minimizing the seriousness of this offense, counsel believes that Mr. Nguyen now realizes the seriousness of his actions and will no longer further engage in these activities. As a threshold matter, this a non-violent dated offense. Moreover, he has otherwise lived a law abiding life. Although this is not Mr. Nguyen's first offense with regard to these type of fish, this appears to have been a

culturally related fascination with these type of fish. This offense involves two fish and a very small amount of money received by Mr. Nguyen.

Sentencing Mr. Nguyen to a month of imprisonment would also create an unwarranted sentencing disparity. As set forth in the Memorandum in Aid of Sentencing, 90.9% of defendants in Zone B with a Criminal History Category I are sentenced to fines, probation or other non-incarceration alternatives.

Finally, counsel submits that during these unprecedented times of the deadly COVID-19 pandemic and Delta Variant, sentencing Mr. Nguyen to a prison term, even for a nominal period of time unduly exposes him to the virus and, thereafter, exposes his young children and wife upon his release. Such a potentially serious health risk is clearly not worth a month of imprisonment in this case.

By comparison to the general public, the CDC recognizes that prison puts one at even higher risk:

> Living in prisons and jails puts you at higher risk for getting COVID-19 because:
> - It may be hard to stay at least 6 feet away (2 arm lengths) from other people.
> - There may not be enough space to keep people with COVID-19 away from others.
> - You may be sharing space with someone who has the virus and does not know it, because they are not coughing or showing other symptoms.
> - Staff or visitors may have the virus and not know it.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-in-prisons-jails.html

Accordingly, counsel submits that the Court should sentence Mr. Nguyen to probation with conditions set by the Court as such a sentence is sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

**/s/ Jay J. Finkelstein**
Jay J. Finkelstein
Assistant Federal Public Defender
Attorney I.D. No. 42943